## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ECLINICALWORKS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | |
| SRCT, Inc. and Faiz A. Faiz, | ) | |
| d/b/a eClinicalManager, | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff ECLINICALWORKS, LLC ("eClinical") hereby states its complaint against Defendants SRCT, Inc. ("SRCT") and its President, Faiz A. Faiz ("Faiz"), d/b/a eClinicalManager (collectively, "eClinicalManager" or "Defendants").

## INTRODUCTION

### 1.

SRCT and Faiz are doing business as "eClinicalManager" in direct competition with eClinical in the electronic medical records ("EMR") and healthcare practice management industry.  By using the term "eClinicalManager" for its EMR product and website domain name,

1

Defendants are deliberately infringing eClinical's family of registered and common law eClinical-based trademarks, and passing themselves off as being connected with or endorsed by eClinical when there is no such connection.

Defendants were given notice on September 30, 2013 of their infringing conduct, and told to stop.  In response, Defendants offered to stop using the eClinicalManager name only if eClinical bought SRCT.  As eClinical refuses to agree to such extortion, it refused the offer, and Defendants continue to use the eClinicalManager name.

Defendants conduct violates the Lanham Act and state unfair competition laws.  Defendants should be enjoined from any further use of eClinicalManager and ordered to transfer ownership of the domain <eclinicalmanager.com> to eClinical; in addition, eClinical should be awarded trebled actual damages, punitive damages, corrective advertising costs, eClinicalManager's profits and eClinical's attorneys' fees and costs for having to bring this action to stop blatant infringement.

**THE ACTION**

2.

This is a trademark infringement and dilution, cybersquatting and unfair competition action for damages and injunctive relief.  It is brought under the Lanham Act, 15 U.S.C. §§ 1125 et seq, O.C.G.A. § 10-1-451(b),

O.C.G.A. § 10-1-372, O.C.G.A § 13-6-11, Mass. G.L. c. 93A, §§ 2, 11 and Georgia and Massachusetts common law.

## PARTIES

3.

eClinical is a Massachusetts limited liability company with its principal place of business located at 2 Technology Drive, Westborough, Massachusetts 01581, and a Georgia office at 555 North Point Center East, Suite 515, Alpharetta, Georgia  30022.

4.

Defendant SRCT, Inc. is a Florida company with its headquarters at 1000 Mann Street, Kissimmee, Florida 34741.

5.

Defendant Faiz A. Faiz is an individual resident of Kissimmee, Florida, and is the President and registered agent of SRCT.

6.

Defendants can be served with process via service on Defendant Faiz, personally and as registered agent, at 1000 Mann Street, Kissimmee, Florida 34741.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1114, 1116(a), 1121, and 1125(a) and 28 U.S.C. §§ 1331, 1338, and 1367.

8.

Defendant SRCT markets and sells products and/or services in Georgia and actively solicits business in Georgia and within this judicial district, including through Defendants' interactive websites, at the direction and control of Defendant Faiz as President of the Company.

9.

As set forth below, Defendant Faiz has also committed personal acts as part of Defendant's intentional torts, including registering the domain names used to violate eClinical's rights.

10.

As set forth below, Defendants have committed intentional torts in Georgia, and have committed intentional torts directed at, and intended to harm eClinical, who is located in Georgia.  Defendants have further purposefully directed their activities at Georgia by attempting to extort eClinical.

11.

The Court has personal jurisdiction over Defendants under Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91.

12.

Jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants have sufficient contacts with Georgia to subject them to personal jurisdiction.

## FACTUAL BACKGROUND

### eClinical's Business, Trademarks, and Service Marks

13.

eClinical is a healthcare software and technology company. Since the early 2000s, eClinical has provided software and other technology products and services involving or related to electronic medical records ("EMR"), and healthcare practice management. eClinical's products and services include its electronic health information system, practice management system, revenue cycle management services (including medical billing services), online patient portal, mobile device system, patient messenger system, and patient care coordination system.

14.

eClinical uses a family of trademarks and service marks to promote and denote its services that are recognized by the public as being uniquely representing and associated with the eClinical brand, its services and products, and the high quality and excellent reputation of eClinical (the "eClinical Marks."

15.

The eClinical Marks include, but are not limited to, ECLINICALWORKS®, ECLINICALMESSENGER®, ECLINICALWEB®, ECLINICALMOBILE®, ECLINICALTOUCH®, ECLINICALWORKS P2P®, ECLINICALWORKS NIMBUS®, ECLINICALWORKS SCRIBE®, the federally registered ECLINICALWORKS design mark, ECLINICALCARE, and similar marks using "eClinical" as an introductory base to denote that the product or service promoted, sold or provided thereunder is from eClinical.

16.

eClinical provides healthcare technology products and services to thousands of clients nationwide, including Georgia healthcare providers and practices, under the family of eClinical Marks.

17.

eClinical's trademarks, service marks, name, brand and intellectual property rights are important assets of the company.

18.

eClinical first used the mark ECLINICALWORKS® in interstate commerce on September 1, 2001, as a source identifier for its healthcare technology products and services, and continues to use the mark.

19.

eClinical obtained Federal Registration No. 2,729,199 for ECLINICALWORKS® for "computer programs for electronic medical records and practice management on a computer and manuals for use therewith sold as a unit" on June 24, 2003 (the "ECLINICALWORKS® Mark").  A copy of the U.S. Trademark Registration Certificate and related documents is attached as Exhibit 1.

20.

eClinical first used the mark ECLINICALWEB® in interstate commerce on June 1, 2005, as a source identifier for its healthcare technology products and services, and continues to use the mark.

21.

eClinical obtained Federal Registration No. 3,166,634 for

ECLINICALWEB® for "computer programs for electronic medical records

and practice management on a computer and manuals for use therewith sold

as a unit" on October 31, 2006 (the "ECLINICALWEB® Mark").  A copy of the

U.S. Trademark Registration Certificate and related documents is attached

as Exhibit 2.

22.

Pursuant to 15 U.S.C. Sections 1065 and 1115(b), both the

ECLINICALWORKS® Mark and the ECLINICALWEB® Mark are

incontestable, and the registrations for these marks are conclusive evidence

of the validity of the ECLINICALWORKS® Mark and the ECLINICALWEB®

Mark, eClinical's ownership of the marks, and eClinical's exclusive rights to

use the marks in connection with the goods identified.

23.

eClinical first used the mark ECLINICALMESSENGER® in interstate

commerce on November 3, 2008, as a source identifier for its healthcare

technology products and services, and continues to use the mark.

24.

eClinical obtained Federal Registration No. 3,822,605 for ECLINICALMESSENGER® for "computer software for controlling and managing patient medical information" and for "electronic data transmission" on July 20, 2010 (the "ECLINICALMESSENGER® Mark").  A copy of the U.S. Trademark Registration Certificate for this mark is attached as <u>Exhibit 3</u>.

25.

eClinical first used the mark ECLINICALMOBILE® in interstate commerce on November 3, 2008, as a source identifier for its healthcare technology products and services, and continues to use the mark.

26.

eClinical obtained Federal Registration No. 3,822,603 for ECLINICALMOBILE® for "computer software for controlling and managing patient medical information" and for "providing on-line non-downloadable software for the transmission of electronic health records" on July 20, 2010 (the "ECLINICALMOBILE® Mark").  A copy of the U.S. Trademark Registration Certificate for this mark is attached as <u>Exhibit 4</u>.

27.

eClinical first used the mark ECLINICALWORKS P2P® in interstate commerce on September 12, 2009, as a source identifier for its healthcare technology products and services, and continues to use the mark.

28.

eClinical obtained Federal Registration No. 4,014,335 for ECLINICALWORKS P2P® for "computer software for controlling and managing patient medical information" on August 23, 2011 (the "ECLINICALWORKS P2P® Mark").  A copy of the U.S. Trademark Registration Certificate for this mark is attached as Exhibit 5.

29.

eClinical first used the ECLINICALWORKS hexagon design mark in interstate commerce on February 1, 2011, as a source identifier for its healthcare technology products and services, and continues to use the mark.

30.

eClinical obtained Federal Registration No. 4,222,505 for the ECLINICALWORKS hexagon design mark for "computer software for controlling and managing patient medical information and for medical practice management" on October 9, 2012 (the "ECLINICALWORKS

Registered Design Mark"). A copy of the U.S. Trademark Registration Certificate for this mark is attached as Exhibit 6.

31.

eClinical first used the mark ECLINICALWORKS NIMBUS® in interstate commerce on September 25, 2012, as a source identifier for its healthcare technology products and services, and continues to use the mark.

32.

eClinical obtained Federal Registration No. 4,313,151 for ECLINICALWORKS NIMBUS® for "providing access to on-line, non-downloadable software for controlling and managing electronic health records and patient health and medical information, and for medical practice management", for "providing on-line, non-downloadable software for controlling and managing electronic health records and patient health and medical information, and for medical practice management", and for "providing an on-line database featuring patient health and medical information and for medical practice management" on April 2, 2013 (the "ECLINICALWORKS NIMBUS® Mark"). A copy of the U.S. Trademark Registration Certificate for this mark is attached as Exhibit 7.

33.

eClinical first used the mark ECLINICALTOUCH® in interstate commerce on November 1, 2012, as a source identifier for its healthcare technology products and services, and continues to use the mark.

34.

eClinical obtained Federal Registration No. 4,347,861 for ECLINICALTOUCH® for "computer software that will enable the transmission of electronic health records," "electronic data transmission, namely, the transmission of electronic health records," and "providing on-line non-downloadable software for the transmission of electronic health records" on June 4, 2013 (the "ECLINICALTOUCH® Mark").  A copy of the U.S. Trademark Registration Certificate for this mark is attached as Exhibit 8.

35.

eClinical first used the mark ECLINICALWORKS SCRIBE® in interstate commerce on November 28, 2012, as a source identifier for its healthcare technology products and services, and continues to use the mark.

36.

eClinical obtained Federal Registration No. 4,384,615 for ECLINICALWORKS SCRIBE® for "computer software for translating, organizing, controlling and managing patient medical information " on

August 13, 2013 (the "ECLINICALWORKS SCRIBE® Mark").  A copy of the

U.S. Trademark Registration Certificate for this mark is attached as <u>Exhibit</u>

<u>9</u>.

37.

Pursuant to 15 U.S.C. Section 1115(a), the registrations attached as

Exhibits 3 – 9 are prima facie evidence of the validity of the

ECLINICALMESSENGER® Mark, the ECLINICALMOBILE® Mark, the

ECLINICALWORKS P2P® Mark, the ECLINICALWORKS Registered

Design Mark,  the ECLINICAL NIMBUS® Mark, the ECLINICALTOUCH®

Mark, and the ECLINICALWORKS SCRIBE® Mark, and these registrations

are prima facie evidence of eClinical's ownership of these marks and

eClinical's exclusive rights to use these marks in connection with the goods

and services identified.

38.

eClinicalWorks also owns the following pending intent-to-use

trademark applications for various healthcare software and technology

products and services, all but the last of which have been allowed by the U.S.

Trademark Office:

- ECLINICALWORKS COMMUNITY ANALYTICS, Application Serial

  No. 85/547,672, filed February 20, 2012;

- ECLINICALWORKS CARE COORDINATION PORTAL, Application Serial No. 85/547,682, filed February 20, 2012;

- ECLINICALWORKS CARE COORDINATION MEDICAL RECORD, Application Serial No. 85/622,043, filed May 10, 2012;

- ECLINICALCARE, Application Serial No. 85/696,434, filed August 6, 2012; and

- ECLINICALWORKS OPEN ACCESS, Application Serial No. 86/045,341, filed August 22, 2013.

These marks and applications are collectively referred to as the "eClinical Applications."

39.

The eClinical Marks are distinctive and well known within the healthcare and health information technology industries and have accumulated substantial goodwill based on their longstanding use by eClinical in the market, the marks' success in the marketplace, and the extensive advertising, marketing and media exposure of the eClinical Marks.

40.

eClinical has spent millions of dollars in advertising its products and services offered under the eClinical Marks.

14

41.

eClinical markets its products and services under the eClinical Marks through advertisements in national publications, direct mailings, online, trade shows, and other marketing correspondence, materials and efforts.

42.

eClinical's marketing efforts include the operation of its website located at <eclinicalworks.com>.

43.

eClinical also owns domain names, such as <eclinicalweb.com> and <eclinicalmobile.com>, which it uses in connection with its healthcare software and technology products and services.

**eClinicalManager's Business**

44.

Defendant SRCT is a corporation that was domesticated in Florida on or about December 19, 2012.   See Exhibit 10.

45.

Defendant Faiz is the President of SRCT, and, upon information and belief, owns and controls SRCT.

46.

Defendants provide software and other technology products and services involving or related to EMR and healthcare practice management to the healthcare industry under the name "eClinicalManager."  See Exhibit 11 at Ex. B.

47.

The EMR and healthcare practice management products and services offered by eClinicalManager are similar to and compete with eClinical's products and services.

48.

Defendants are marketing their "eClinicalManager" EMR and healthcare practice management products and services and business in the same market and to the same customers of healthcare software and technology products and services as eClinical.

49.

Defendant Faiz registered the domain name <eclinicalmanager.com> on or about January 10, 2013, registered the domain name <srct.com> on or about April 12, 2013, and registered the domain name < apcarefl.com> on or about March 7, 2013.  The WHOIS data for these domain names identify Defendant Faiz as the owner.  A true and correct copy of the WHOIS

registration information for these domain names is attached as Exhibit 12;
see also Exhibit 11 at Ex. C.

50.

Upon information and belief, Defendant SRCT operates the websites located at the <eclinicalmanager.com>, <srct.com>, and <apcarefl.com> domain names.  Defendants use these websites to promote their EMR and healthcare practice management products and services under the "eClinicalManager" name.   See Exhibit 11 at Ex. B; Exhibit 13.

51.

Defendants' websites are interactive and are directed to customers and potential customers of EMR and healthcare practice management products and services, including customers and potential customers in Georgia. Defendants' websites allow customers to register online for Defendants' competing products and services, and to access and use such products and services online.  Defendants' websites also allow for "Live Chat" with Defendants or its representatives.  See Exhibit 11 at Ex. B; Exhibit 13; Exhibit 14.

52.

According to Defendants' websites, Defendants use the term "eClinicalManager" in other places besides their websites to promote and sell

their EMR and healthcare practice management products and services, such as on Facebook, Twitter, Skype, gTalk, Yahoo, Hotmail, and YouTube.

53.

Defendants knew or should have known about eClinical and the eClinical Marks given eClinical's success and reputation in the EMR and healthcare practice management field and eClinical's trademark registrations.

54.

Defendants began using "eClinicalManager" and the <eclinicalmanager.com> domain name in early 2013. Defendants, therefore, began using the term "eClinicalManager" in commerce well after eClinical began using and registered the eClinical Marks, and after the ECLINICALWORKS® Mark and ECLINICALWEB® Mark became incontestable.

55.

Defendants' adoption and use of the "eClinicalManager" name, including its mimicking of eClinical's use of a lower-case "e" and upper case "C" for "eClinical" joined to another term, for directly competing products and services, is intentional, knowing and willful infringement of eClinical's rights.

56.

By letter of September 30, 2013 (the "Demand Letter"), eClinical demanded that SRCT cease and desist from further use of the eClinical Marks, including "eClinicalManager", the <eclinicalmanager.com> domain name, and any substantially similar name because eClinicalManager is and was confusing to, and likely to confuse, consumers about Defendants' connection to eClinical, that Defendants were infringing eClinical's registered and eClinical family of marks and Defendants were engaged in unfair competition.  Exhibit 11.

57.

On October 2, 2013, Defendant Faiz called eClinical's counsel on behalf of himself and SRCT.  Defendant Faiz offered to sell SRCT and the "eClinicalManager" name to eClinical, but Defendants refused to stop using eClinicalManager if eClinical did not buy SRCT.

58.

Since receiving the Demand Letter, Defendants have continued to use the "eClinicalManager" name and domain name in connection with their healthcare software and technology business.

59.

Defendants' tortious conduct is intentional and willful, they have specifically targeted eClinical and its eClinical Marks, and they have caused harm to eClinical in Georgia.

## Likelihood of Confusion Between The eClinical Marks and "eClinicalManager"

60.

Defendants' use of "eClinicalManager" and the <eclinicalmanager.com> domain name is likely to cause confusion with the eClinical Marks.

61.

"eClinicalManager" and <eclinicalmanager.com> are substantially and confusingly similar to the eClinical Marks.

62.

eClinical and Defendants compete for customers in the health information technology field.

63.

eClinical and Defendants offer competing identical, similar and/or related products and services.

64.

eClinical and Defendants promote their products and services on the Internet.

65.

Defendants' use of "eClinicalManager", the <eclinicalmanager.com> domain name, or any confusingly similar mark, creates a false impression of association, affiliation, connection, endorsement or sponsorship of Defendants by eClinical.  Defendants' use of "eClinicalManager", the <eclinicalmanager.com>  domain name, or any confusingly similar mark to the eClinical Marks, is deceptive and fraudulent.

66.

Defendants' use of "eClinicalManager", the <eclinicalmanager.com> domain name, and any derivative thereof, violates eClinical's superior and exclusive rights in the eClinical Marks, and violates eClinical's incontestable rights in the ECLINICALWORKS® Mark and the ECLINICALWEB® Mark.

67.

Defendants' actions have caused, and continue to cause, irreparable harm to eClinical.  Consequently, eClinical engaged counsel to enforce the company's legal rights.

68.

Defendants are willfully trading on the commercial value, reputation and goodwill of eClinical and its eClinical Marks and are deliberately confusing relevant consumers.

69.

eClinical has suffered damages and will suffer irreparable harm as a result of Defendants' wrongful conduct.

## COUNT ONE

## LANHAM ACT § 32
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

70.

eClinical hereby incorporates and realleges the assertions in Paragraphs 1 to 69 above as if fully set forth herein.

71.

eClinical owns the exclusive rights in and to the eClinical Marks.

72.

Despite eClinical's superior rights, Defendants have adopted and used the confusingly similar terms "eClinicalManager" and the <eclinicalmanager.com> domain name in interstate commerce for products

and services that are identical, similar and/or related to, and compete with, those of eClinical.

73.

Defendants' use of "eClinicalManager", the <eclinicalmanager.com> and domain name, or any other confusingly similar marks, to identify, advertise, market or promote their products and services is likely to cause confusion, mistake, and/or false association among customers as to the source, origin, affiliation, approval, endorsement, or sponsorship of the parties' and/or their products and services.

74.

Defendants' use of "eClinicalManager" and the <eclinicalmanager.com> domain name is an intentional attempt to trade off the goodwill of eClinical and the eClinical Marks.

75.

Defendants have infringed and will continue to infringe eClinical's rights in the registered eClinical Marks by using "eClinicalManager" and the <eclinicalmanager.com> domain name, or any other marks identical or confusingly similar to or substantially indistinguishable from eClinical's registered marks, in connection with the sale, offering for sale, marketing, and/or display of competing products and services.

76.

Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

77.

Defendants' acts of infringement have been and continue to be knowing, willful and intentional.

78.

Defendants' infringement has caused and will continue to cause irreparable harm to eClinical.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinical will suffer irreparable harm.

79.

As a direct and proximate result of Defendants' infringement, eClinical has suffered damages in an amount to be determined at trial.

80.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, eClinical is entitled to preliminary and permanent injunctive relief to prevent damage to eClinical and to prohibit Defendants from further violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

81.

Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), eClinical is entitled to monetary damages, Defendants' profits, costs, and prejudgment interest.

82.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling eClinical to recover its attorneys' fees and up to three times its actual damages.

83.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, eClinical is entitled to a destruction order requiring that Defendants deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing "eClinical", "eClinicalManager", or any other marks confusingly similar to the registered eClinical Marks.

## COUNT TWO

## LANHAM ACT § 43(a)
## FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a)(1)(A))

84.

eClinical hereby incorporates and realleges the assertions in

Paragraphs 1 to 83 above as if fully set forth herein.

85.

eClinical owns the exclusive common law rights in the eClinical Marks.

86.

Defendants have used, and continue to use, "eClinicalManager" and the

<eclinicalmanager.com> domain name in interstate commerce in connection

with the advertisement and provision of Defendants' healthcare software and

technology products and services which compete with the products and

services of eClinical.

87.

By their adoption and use of a confusingly similar name for competing

products and services, Defendants have affixed, applied, annexed and/or used

false designations of origin and/or false or misleading representations of fact

in connection with the sale, offer for sale, distribution, and/or advertising of

their products and services in interstate commerce.

88.

Defendants' use of "eClinicalManager" and the <eclinicalmanager.com> domain name is likely to cause confusion, mistake and deception as to the affiliation, connection, or association of Defendants with eClinical.

89.

Defendants' use of "eClinicalManager" and the <eclinicalmanager.com> domain name is likely to cause confusion, mistake and deception as to the origin, sponsorship, or approval of Defendants' products and services by eClinical.

90.

Defendants' use of "eClinicalManager" and the <eclinicalmanager.com> domain name is an intentional attempt to trade off the goodwill of eClinical and its family of eClinical Marks.

91.

Defendants' conduct constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

92.

Defendants' conduct has been and continues to be knowing, willful and intentional.

93.

Defendants' unlawful conduct has caused and will continue to cause irreparable harm to eClinical.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinical will suffer irreparable harm.

94.

As a direct and proximate result of Defendants' unlawful conduct, eClinical has suffered damages in an amount to be determined at trial.

95.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, eClinical is entitled to preliminary and permanent injunctive relief to prevent damage to eClinical and to prohibit Defendants from further violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

96.

Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), eClinical is entitled to monetary damages, Defendants' profits, costs, and prejudgment interest.

97.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling eClinical to recover its attorneys' fees and up to three times its actual damages.

98.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, eClinical is entitled to a destruction order requiring that Defendants deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing "eClinical", "eClinicalManager", or any other marks confusingly similar to the family of eClinical Marks.

### COUNT THREE

### LANHAM ACT § 43(d)
### CYBERSQUATTING
**(15 U.S.C. § 1125(d))**

99.

eClinical hereby incorporates and realleges the assertions in Paragraphs 1 to 98 above as if fully set forth herein.

100.

The eClinical Marks were all valid and distinctive trademarks and service marks of eClinical prior to January 10, 2013 when Defendants registered the <eclinicalmanager.com> domain name.

101.

The <eclinicalmanager.com> domain name registered and used by Defendants are confusingly similar to one or more of the eClinical Marks.

102.

Defendants had actual or constructive knowledge of eClinical and/or one or more of the eClinical Marks prior to registering and using the <eclinicalmanager.com> domain name.

103.

Defendants have registered and used the <eclinicalmanager.com> domain name to compete with eClinical.

104.

Defendants intentionally and in bad faith registered and used the <eclinicalmanager.com> domain name for the purpose of profiting from eClinical's name and one or more of the eClinical Marks.  Defendants' bad faith includes their attempt to extort payment from eClinical for the

"eClinicalManager" name, including the <eclinicalmanager.com> domain name.

105.

Defendants' registration and use of the <eclinicalmanager.com> domain name as described above constitutes cyber piracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

106.

Defendants have registered the <eclinicalmanager.com> domain name using materially false contact information, by, for example, registering the domain name in the name of Defendant Faiz instead of the Defendant SRCT.

107.

Defendants' conduct has been and continues to be knowing, willful and intentional.

108.

Defendants' unlawful conduct has caused and will continue to cause irreparable harm to eClinical.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinical will suffer irreparable harm.

109.

As a direct and proximate result of Defendants' unlawful conduct, eClinical has suffered damages in an amount to be determined at trial.

110.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, eClinical is entitled to preliminary and permanent injunctive relief to prevent damage to eClinical and to prohibit Defendants from further violations of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

111.

Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), eClinical is entitled to monetary damages, Defendants' profits, costs, and prejudgment interest.

112.

As an alternative to actual damages and Defendants' profits, and at eClinical's election any time before final judgment, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(d), eClinical is entitled to statutory damages of up to one hundred thousand dollars ($100,000.00) per each domain name.

113.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling eClinical to recover its attorneys' fees and up to three times its actual damages.

114.

Pursuant to Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(C), eClinical is entitled to an order requiring Defendants to transfer to eClinical the <eclinicalmanager.com> domain name, and any other domain name(s) incorporating "eclinical" or otherwise confusingly similar to eClinical's marks, or an order of forfeiture or cancellation of such domain names of Defendants.

## COUNT FOUR

## COMMON LAW TRADEMARK AND SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

115.

eClinical hereby incorporates and realleges the assertions in Paragraphs 1 to 114 above as if fully set forth herein.

116.

eClinical first used one or more of the eClinical Marks in Georgia and Massachusetts well before Defendants began using "eClinicalManager" and the <eclinicalmanager.com> domain name, and since eClinical's first use of

each of the eClinical Marks, it has continuously used the marks in Georgia and Massachusetts and in conjunction with its website.  eClinical has and maintains all common law rights to the eClinical Marks.

117.

Defendants use of the confusingly similar "eClinicalManager" and <eclinicalmanager.com> domain name in connection with the commercial sale, offer for sale, distribution, and/or advertising of their products and services is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with eClinical and/or as to the origin, sponsorship, or approval of Defendants' products and services by eClinical.

118.

Defendants' use of the confusingly similar "eClinicalManager" and the <eclinicalmanager.com> domain name infringes eClinical's common law rights to the eClinical Marks.

119.

Defendants' unlawful conduct has been and continues to be knowing, willful and intentional.

120.

Defendants' unlawful trademark and service mark infringement has caused and will continue to cause irreparable harm to eClinical.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinical will suffer irreparable harm.

121.

As a direct and proximate result of Defendants' trademark and service mark infringement, eClinical has suffered damages in an amount to be determined at trial.

122.

Pursuant to the common law of Georgia and Massachusetts, and Massachusetts General Laws c. 110H, § 13, eClinical is entitled to preliminary and permanent injunctive relief to prevent damage to eClinical and to prohibit Defendants from further infringement of eClinical's common law trademark and service mark rights.

123.

eClinical is also entitled to monetary damages from Defendants' trademark and service mark infringement.

## COUNT FIVE

## TRADEMARK DILUTION
### (O.C.G.A. § 10-1-451(b))

124.

eClinical hereby incorporates and realleges the assertions in Paragraphs 1 to 123 above as if fully set forth herein.

125.

eClinical has adopted the eClinical Marks and uses these trademarks and service marks in Georgia.

126.

Defendants' use of "eClinicalManager" and the <eclinicalmanager.com> domain name, which are similar to Plaintiff's eClinical Marks, is likely to injure eClinical'[s' business reputation or likely to dilute the distinctive quality of the eClinical Marks.

127.

Defendants have therefore engaged in, and are continuing to engage in, trademark and service mark dilution in violation of O.C.G.A. § 10-1-451(b).

128.

Defendants' trademark and service mark dilution has caused irreparable harm to eClinical.  Unless Defendants are enjoined from

continuing the aforementioned unlawful activities, eClinical will continue to suffer irreparable harm.

129.

Pursuant to O.C.G.A. § 10-1-451(b), eClinical is entitled to preliminary and permanent injunctive relief.

<strong><u>COUNT SIX</u></strong>

<strong><u>VIOLATION OF GEORGIA'S UNIFORM<br>DECEPTIVE TRADE PRACTICES ACT</u></strong><br><strong>(O.C.G.A. § 10-1-370 <em>et seq.</em>)</strong>

130.

eClinical hereby incorporates and realleges the assertions in Paragraphs 1 to 129 above as if fully set forth herein.

131.

Defendants' use of "eClinicalManager" and the <eclinicalmanager.com> domain name is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of Defendants with eClinical.

132.

By its adoption and use of one or more of eClinical's' trademarks and service marks for competing products and services in the same channels of trade and for the same field of customers, Defendants are attempting to pass off their products and services as those of eClinical.

133.

As detailed above, Defendants' deceptive trade practices have been knowing, intentional and willful.

134.

As a result of the foregoing, Defendants are likely to cause damage to eClinical in violation of O.C.G.A. § 10-1-372.

135.

Unless Defendants are enjoined from continuing the aforementioned infringing and unlawful activities, eClinical will suffer irreparable harm.

136.

Pursuant to O.C.G.A. § 10-1-373, eClinical is entitled to preliminary and permanent injunctive relief as well as attorneys' fees and costs of this action.

## COUNT SEVEN

## ATTORNEY'S FEES AND EXPENSES
### (O.C.G.A. § 13-6-11)

137.

eClinical hereby incorporates and realleges the assertions in paragraphs 1 to 136 above as if fully set forth herein.

138.

Defendants have acted in bad faith, and/or have been stubbornly litigious, and/or have caused eClinical unnecessary trouble and expense.

139.

eClinical is therefore entitled to recover its attorneys' fees and expenses incurred in this action under O.C.G.A. § 13-6-11.

## COUNT EIGHT

## UNFAIR COMPETITION IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A
### (Mass. G.L. c. 93A, §§ 2, 11)

140.

eClinical hereby incorporates and realleges the assertions in Paragraphs 1 to 139 above as if fully set forth herein.

141.

eClinical and Defendants are engaged in commerce in Massachusetts within the meaning of Mass. G.L. c. 93A, §§ 2, 11.

142.

eClinical first used one or more of the eClinical Marks in Massachusetts well before Defendants, and since eClinical's first uses of each mark, eClinical has continuously used the marks in Massachusetts and in conjunction with its website.

143.

At the time Defendants commenced their activities at issue in this action in Massachusetts, Defendants knew or should have known about eClinical and/or its rights in the eClinical Marks.

144.

Despite their knowledge, Defendants knowingly, intentionally and willfully started using "eClinicalManager" and the <eclinicalmanager.com> domain name, which are substantially and confusingly similar to eClinical's name and the eClinical Marks.

145.

Defendants' conduct has created a likelihood of confusion in violation of eClinical's rights and constitutes unfair competition in violation of Mass. G.L. c. 93A, §§ 2, 11.

146.

Defendants' conduct has been and continues to be knowing, willful and intentional.

147.

Defendants' unlawful conduct has caused and will continue to cause irreparable harm to eClinical.  Unless Defendants are enjoined from

continuing the aforementioned unlawful acts, eClinical will suffer irreparable harm.

148.

As a direct and proximate result of Defendants' unlawful conduct, eClinical has suffered damages in an amount to be determined at trial.

149.

Pursuant to Mass. G.L. c 93A, §§ 11, eClinical is entitled to preliminary and permanent injunctive relief against Defendants' unfair competition, actual damages, enhanced damages up to three times actual damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff eClinicalWorks, LLC demands a jury trial on all claims so triable and prays for judgment as follows:

(a)     The Court enter judgment that Defendants have engaged in trademark and service mark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), have engaged in false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), have engaged in cybersquatting in violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), have engaged in common law trademark and service mark infringement and unfair competition, have engaged in trademark and service

mark dilution in violation of O.C.G.A. § 10-1-451(b), have engaged in

deceptive trade practices in violation of the Georgia Uniform Deceptive Trade

Practices Act (O.C.G.A. § 10-1-372), and have engaged in unfair competition

in violation of Massachusetts General Laws, Chapter 93A, §§ 2, 11.

(b)     On eClinical's First and Second Claims for Relief, damages,

disgorgement of Defendants' profits, enhanced damages, attorneys' fees,

costs, prejudgment interest, preliminary and permanent injunctive relief

prohibiting Defendants from further violations of the Lanham Act, and a

destruction order requiring that Defendants deliver up and destroy all goods,

merchandise, products, labels, signs, prints, packaging, wrappers, containers,

advertising materials, letterhead, business cards, and other materials,

including all Internet references and metatags, bearing "eClinical",

"eClinicalManager", or any other marks confusingly similar to the eClinical

Marks.

(c)     On eClinical's Third Claim for Relief, damages, disgorgement of

Defendants' profits, enhanced damages, attorneys' fees, costs, prejudgment

interest, an order transferring the <eclinicalmanager.com> domain name,

and any other domain names of Defendants incorporating "eclinical" or other

similar terms, to eClinical, or an order of forfeiture or cancellation of all such

domain names, and preliminary and permanent injunctive relief prohibiting

Defendants from registering, owning, using or trafficking in any domain names incorporating "eclinical" or other similar terms.

(d)     On eClinical's Fourth Claim for Relief, damages and preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's common law trademark and service mark rights.

(e)     On eClinical's Fifth Claim for Relief, preliminary and permanent injunctive relief prohibiting further dilution of Plaintiff's trademarks and service marks.

(f)     On eClinical's Sixth Claim for Relief, preliminary and permanent injunctive relief prohibiting further violations of Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370 *et seq*.), attorneys' fees and costs.

(g)     On eClinical's Seventh Claim for relief, attorneys' fees and costs.

(h)     On eClinical's Eighth Claim for Relief, damages, enhanced damages, attorneys' fees, costs, and preliminary and permanent injunctive relief prohibiting Defendants from further violations of Mass. G.L. c. 93A, §§ 2, 11.

(i)     On each of eClinical's claims for relief, such further and other relief as the Court deems just and proper.

## **Demand for Jury Trial**

eClinical demands a trial by jury on all issues so triable.

Respectfully submitted this 23rd day of October 2013.

**/s/ Damon J. Whitaker**
Eric P. Schroeder
Georgia Bar No. 629880
eric.schroeder@bryancave.com
Damon J. Whitaker
Georgia Bar No. 752722
damon.whitaker@bryancave.com
James J. Gibson
Georgia Bar No. 415078
james.gibson@bryancave.com

BRYAN CAVE LLP
One Atlantic Center – Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Telephone:  (404) 572-6600
Facsimile:   (404) 572-6999

*Attorneys for Plaintiff eClinicalWorks, LLC*

#6319734_1